**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| BLAUER MANUFACTURING COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>I. SPIEWAK & SONS, INC.<br><br>Defendant. | ) | COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Blauer Manufacturing Company, Inc. complains against I. Spiewak & Sons, Inc as follows.

## PARTIES

1. Plaintiff Blauer Manufacturing Company, Inc. ("Blauer Manufacturing") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 20 Aberdeen Street, Boston, Massachusetts 02215.

2. On information and belief, defendant I. Spiewak & Sons, Inc. ("Spiewak") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 225 West 37th Street, New York, New York, 10018.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the United States Patent Laws, Title 35 United States Code.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. On information and belief, Spiewak regularly conducts business in this Judicial District.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

7. Blauer Manufacturing is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,528,112 ("the '112 Patent") entitled "Ballistic Vest Carrier Cover System," which duly and legally issued in the name of Stephen J. Blauer and Robert K. Lee on September 10, 2013. Blauer Manufacturing has owned the '112 Patent throughout the period of Spiewak's infringing acts and still owns the '112 Patent. A copy of the '112 Patent is attached to the Complaint as Exhibit A.

8. Blauer Manufacturing is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,776,262 ("the '262 Patent") entitled "Ballistic Vest Carrier Cover System," which duly and legally issued in the name of Stephen J. Blauer and Robert K. Lee on July 15, 2014. Blauer Manufacturing has owned the '262 Patent throughout the period of Spiewak's infringing acts and still owns the '262 Patent. A copy of the '262 Patent is attached to the Complaint as Exhibit B.

9. Upon information and belief, Spiewak manufactures, uses, offers for sale, and/or sells an Armor Vest Cover.

10. Upon information and belief, Spiewak intends that the Armor Vest Cover to be used with body armor panels in carriers and attachable/detachable fasteners as shown in FIGS. 7 and 8 of the '112 Patent and FIGS. 7 and 8 of the '262 Patent: one armor panel is installed in the front carrier and the carrier is inserted into the front pocket of the Armor Vest Cover, the other armor panel is installed in the rear carrier and the carrier is inserted into the rear pocket of the Armor Vest Cover, the attachable/detachable waist fasteners attach the front and rear carriers together

around the waist through openings in the sides of the Armor Vest Cover, and the attachable/detachable shoulder fasteners attach the front and rear carriers together over the shoulders inside the Armor Vest Cover.

11. On June 5, 2014, a letter was mailed to Mr. Roy Spiewak, believed to be president of defendant Spiewak, informing him of the ‘112 Patent and of U.S. Patent Application No. 14/093,243 that eventually issued as the ‘262 Patent. Attached to the letter were a copy of the ‘112 Patent and a copy of U.S. Patent Application No. 14/093,243 in the form of U.S. Patent Publication No. US2014/0082809. The letter without the ‘112 Patent is attached as Exhibit C.

12. Upon receiving no reply to the letter of June 5, 2015, on September 15, 2014, another letter was mailed to Mr. Roy Spiewak informing him of the ‘112 Patent and the ‘262 Patent. Attached to the letter were copies of the ‘112 Patent and the ‘262 Patent. The letter without the ‘112 Patent and the ‘262 Patent is attached as Exhibit D.

13. On September 22, 2014, the undersigned received a letter from Spiewak’s patent counsel, Mr. J. David Dainow of Abelman, Frayne & Schwab, dated September 19, 2014 indicating that Spiewak had received the letter of June 5, 2014 and had sent a reply to the undersigned on June 26, 2014. The reply was not received by the undersigned. The September 19, 2014 letter is attached as Exhibit E.

14. As of at least the date Spiewak received the letter of June 5, 2014, Spiewak had written notice of Spiewak’s infringement of the ‘112 Patent and possible infringement of the ‘262 Patent. As of at least the date Spiewak received the letter of September 15, 2014, Spiewak had written notice of Spiewak’s infringement of the ‘262 Patent.

15. Upon information and belief, Spiewak has made, used, offered to sell, and/or sold, and continues to make, use, offer to sell, and/or sell the Armor Vest Cover that infringes the ‘112 Patent and the ‘262 Patent.

**INFRINGEMENT OF THE ‘112 PATENT**

16. Blauer Manufacturing realleges and incorporates by reference the allegations set forth in paragraphs 1-15 above.

17. Upon information and belief, Spiewak has been and/or is currently directly infringing and/or inducing infringement of and/or contributorily infringing the ‘112 Patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by at least claims 1, 3-5, 7-9, 11, 12, 14, 15, and 17-21 of the ‘112 patent, including, without limitation, the Armor Vest Cover.

18. Upon information and belief, Spiewak’s infringement of the ‘112 Patent has been and continues to be willful and deliberate.

19. Upon information and belief, Spiewak’s infringement of the ‘112 Patent will continue unless enjoined by this Court.

20. As a direct and proximate consequence of Spiewak’s infringement of the ‘112 Patent, Blauer Manufacturing has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Blauer Manufacturing is entitled to relief.

**INFRINGEMENT OF THE ‘262 PATENT**

21. Blauer Manufacturing realleges and incorporates by reference the allegations set forth in paragraphs 1-20 above.

22. Upon information and belief, Spiewak has been and/or is currently directly infringing and/or inducing infringement of and/or contributorily infringing the ‘262 Patent by, among other

things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by at least claims 1, 3-8, and 11-26 of the ‘262 patent, including, without limitation, the Armor Vest Cover.

23. Upon information and belief, Spiewak’s infringement of the ‘262 Patent has been and continues to be willful and deliberate.

24. Upon information and belief, Spiewak’s infringement of the ‘262 Patent will continue unless enjoined by this Court.

25. As a direct and proximate consequence of Spiewak’s infringement of the ‘262 Patent, Blauer Manufacturing has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Blauer Manufacturing is entitled to relief.

## DEMAND FOR JURY TRIAL

26. Blauer Manufacturing respectfully demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

Wherefore, Blauer Manufacturing prays for relief as follows:

A. For a judgment that Spiewak has infringed each of the ‘112 Patent and the ‘262 Patent;

B. For a judgment that Spiewak has induced infringement of each of the ‘112 Patent and the ‘262 Patent;

C. For a judgment that Spiewak has contributed to infringement of each of the ‘112 Patent and the ‘262 Patent;

D. For a preliminary and permanent injunctions restraining and enjoining Spiewak and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise,

from any further sales or use of their infringing products and any other acts of infringement of each of the ‘112 Patent and the ‘262 Patent, whether direct or indirect, pursuant to 35 U.S.C. § 283;

E. For damages to compensate Blauer Manufacturing for Spiewak’s infringement of each of the ‘112 Patent and the ‘262 Patent pursuant to 35 U.S.C. § 284;

F. For an award of pre-judgment and post-judgment interest and costs to Blauer Manufacturing in accordance with 35 U.S.C. § 284;

G. For treble damages pursuant to 35 U.S.C. § 284;

H. For a judgment that this case is exceptional and awarding Blauer Manufacturing its expenses, costs, and attorneys fees pursuant to 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

I. For such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

Respectfully submitted,
Dated: September 18, 2015
ALTMAN & MARTIN

/s/ Steven K. Martin

Steven K. Martin, BBO No. 567494
6 Beacon Street, Suite 710
Boston, Massachusetts 02108
978-887-3405 Telephone
617-523-1872 Facsimile
smartin@altmartlaw.com
ATTORNEY FOR PLAINTIFF