**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BLAUER MANUFACTURING COMPANY, INC.,<br>Plaintiff,<br>v.<br>I. SPIEWAK & SONS, INC.<br>Defendants. | Civil Action No.: 1:15-CV-13392-IT<br>**JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, I. Spiewak & Sons, Inc. ("Defendant" or "Spiewak"), hereby answers the Complaint of plaintiff, Blauer Manufacturing Company, Inc. ("Blauer" or "Plaintiff"), as follows:

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and therefore denies same.

2. The allegations set forth in paragraph 2 of the Complaint are admitted.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations set forth in the paragraph.

4. Paragraph 4 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations set forth in the paragraph.

5. In response to paragraph 5 of the Complaint, Defendant admits that it conducts business in this Judicial District.

6. Paragraph 6 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations set forth in the paragraph.

**FACTUAL BACKGROUND**

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and therefore denies same, except it is admitted that a copy of U.S. Patent No. 8,528,112 (the "'112 Patent") is attached to the Complaint as Exhibit A.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and therefore denies same, except it is admitted that a copy of U.S. Patent No. 8,776,262 (the "'262 Patent") is attached to the Complaint as Exhibit B.

9. In response to paragraph 9 of the Complaint, Defendant admits only that it manufactures, distributes, offers for sale and sells an Armor Vest Cover to one municipality, *i.e.*, the City of St. Petersburg, Florida, but denies any further allegations or implications set forth in the paragraph.

10. In response to paragraph 10 of the Complaint, Defendant states that the Plaintiff's statement is defective in that it is vague and ambiguous. Defendant denies all of the allegations and implications set forth in the paragraph.

11. In response to paragraph 11 of the Complaint, Defendant admits only that Exhibit C to the Complaint is a purported letter from Plaintiff's legal counsel to Mr. Roy Spiewak,

Defendant's President, dated June 5, 2014, and denies all other allegations set forth in the paragraph.

12. In response to paragraph 12 of the Complaint, Defendant admits only that Exhibit D to the Complaint is a purported letter from Plaintiff's legal counsel to Mr. Roy Spiewak, Defendant's President, dated September 15, 2014, and denies all other allegations set forth in the paragraph.

13. In response to paragraph 13 of the Complaint, Defendant admits only that Exhibit E to the Complaint is a purported letter from Defendant's legal counsel to Plaintiff's legal counsel dated September 19, 2014; states that the letter speaks for itself, and denies all other allegations set forth in the paragraph.

14. Paragraph 14 of the Complaint purports to state a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations set forth in the paragraph.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

**INFRINGEMENT OF THE '112 PATENT**

16. In response to paragraph 16 of the Complaint, Defendant restates and incorporates by reference its foregoing responses to paragraphs 1 through 15 of the Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

**INFRINGEMENT OF THE '262 PATENT**

21. In response to paragraph 21 of the Complaint, Defendant restates and incorporates by reference its foregoing responses to paragraphs 1 through 20 of the Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has not suffered injury or damages that are the result, or proximate result, of any act, affirmative, or otherwise, committed by Defendant and, therefore, the relief sought by the Plaintiff cannot be granted.

3. Defendant has not infringed, either literally or under the doctrine of equivalents, nor induced any infringement of, nor contributed to any infringement of any claim of the '112 Patent or the '262 Patent, either willfully or otherwise.

4. The '112 Patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 171.

5. The '262 Patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and/or 171.

6. Plaintiff is not entitled to relief to the extent it has unclean hands.

7. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

8. Plaintiff's claims for patent infringement are brought for the purpose of harassment, without sufficient legal or factual basis and not in good faith. Consequently, this case should be found to be an exceptional case under 35 U.S.C. § 285, and the Defendant should be awarded attorney's fees and costs.

**WHEREFORE**, Defendant respectfully requests that this Court:

A. Deny Plaintiff's Prayer for Relief in its entirety;

B. Award Defendant its costs and fees incurred in defending this action pursuant to 35 U.S.C. § 285; and

C. Grant Defendant such other and further relief as the Court may deem just, proper and equitable in the circumstances.

## DEMAND FOR JURY TRIAL

Defendant respectfully demands a trial by by jury on all claims so triable.

Dated: February 26, 2016

Respectfully submitted,

Jeffrey A. Schwab (pro hac vice application pending)
ABELMAN, FRAYNE & SCHWAB
666 3rd Avenue
New York, New York 10017
Phone: (212) 949-9022
Fax: (212) 949-9190
Email: jaschwab@lawabel.com

Of Counsel:
Eric C. Osterberg (BBO#624944)
Osterberg LLC
50 Milk Street, 16th Floor
Boston, MA 02109
Phone: 617-294-6542
Email: eosterberg@osterbergllc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES was this 26th day of February, 2016, filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Eric C. Osterberg